**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

MELISSA WINDOWS, )
)
    PLAINTIFF, )          Civil Action File No.:
)
)
VS. )
) **COMPLAINT WITH**
LIVE OAK FINANCIAL, INC., ) **JURY TRIAL DEMAND**
A/K/A CBV COLLECTIONS )
ALBANY, INC. D/B/A CBV )
SERVICE, INC., )

    DEFENDANT

_____

### PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

### PARTIES

1.     Plaintiff, Melissa Windows, is a natural person who resides in Lee County, Georgia.

2.     Defendant, Live Oak Financial, Inc. also known as CBV Collections Albany, Inc. does not appear to be registered with the Georgia Secretary of State as of March 7th, 2022.  Moreover, CBV Collections Albany, Inc., is also absent from the Secretary of State's records.  Upon information and belief, the Defendant can be served through its principal Parks Jones, 1508 West Broad Ave., Albany, Georgia 31707.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Venue is proper in the Albany Division because the conduct complained of herein occurred in Lee County, which is in the Albany Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a collection agency specializing in the collection of consumer debt.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    Plaintiff has fallen behind on a number of consumer debts, mostly medical expenses, over the last two years.

13.    Plaintiff has been contacted by several collection agencies including the Defendant.

14.    On October 20th, 2021, the Plaintiff responded to these contacts by initiating a telephone call to Defendant.  At that time, she was connected with an individual identifying herself as "Nancy" and a representative of the Defendant.

15.     After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting a number of accounts originating with Phoebe Physicians Group totaling $995.00.

16.     On October 29, 2021, the Plaintiff caused to be sent to the Defendant a letter identifying the three accounts in collection from Phoebe Physician Group that were appearing on her Experian credit report and that were discussed in her conversation with Defendant.   As to these accounts, the Plaintiff wrote that she would not be making any payment. The content of Plaintiff's letter is reproduced here:

29/October/2021

Melissa Windows
█████████████████
Leesburg, GA 31763

CBV Collections
1508 W Broad Ave,
Albany, GA 31707

Referencing Account: Phoebe Physician Group $252, $85, $229
SSN: ██████1294

I have been contacted about accounts that I had with Phoebe Physician Group. These are not the only debts I have unfortunately. I have had inconsistent income and will not be paying on these accounts. I have had interruptions in my income and I have had to deal with other personal difficulties.

Thank you,

*Melissa Windows*

17.    According to the United States Postal Service, the Plaintiff's letter was delivered to the Defendant on November 9th, 2021 at 12:16 p.m.

18.    Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

19.    Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

20.    The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

21.    The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

22.    Notwithstanding the Plaintiff's written notice to the Defendant, on December 6th, 2021, the Defendant caused to be sent to the Plaintiff three separate letters, each demanding payment on the accounts referenced in the Plaintiff's letter of November 1st on behalf of Phoebe Physician Group, Inc.  Copies of these letters

are filed herewith as Exhibits 1 (seeking payment of $252.00), 2 (seeking payment of $85.00), and 3 (seeking payment of $229.00).

23.    The letters from the Defendant and received by the Plaintiff were extremely confusing and vague as to the Plaintiff's rights and responsibilities. Moreover, they were deceptive as to the status of the credit reporting and right of the Plaintiff to dispute each of these accounts.

24.    Specifically, each letter includes the following passage:

```
If you still feel that these charges are not just you may put a
consumer statement on your credit file. This consumer statement
must be in one hundred words or less and must be sent to:

        Equifax Credit Information Services
        PO Box 740241
        Atlanta, GA. 30374-0241
```

25.    The debts referenced in Exhibits 1 & 2 in the amounts of $252.00 and $85.00, respectively, have not been reported to Equifax through March 8, 2022. They have been reported instead to Experian and TransUnion. Submitting a "consumer statement" to Equifax for these accounts would be pointless and ineffectual.

26.    Similarly, the account referenced in Exhibit 3 for $229.00 has not only been reported to Equifax, but Experian and TransUnion as well. Defendant's letter suggests that Plaintiff need only submit her "statement" to Equifax and fails to mention the other two bureaus to which it has reported.

27.     At this point, the Plaintiff was confused as to whether or not she could dispute or provide an explanation before all three accounts only through Equifax, as written by the Defendant, or if she could take action with respect to the entries on both the TransUnion and Experion accounts.

28.     Because the information provided by the Defendant was both vague and inconsistent, the Plaintiff expended time and resources consulting with counsel in an effort to determine her rights and obligations with respect to Defendant's credit reporting.

29.     The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace.  15 U.S.C. § 1692c.

30.     The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  15 U.S.C. § 1692c(c).

31.     The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which

are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

32.    Defendant's letters do not advise the Plaintiff that further collection efforts are being terminated.

33.    Defendant's letters do not advise the Plaintiff that either Defendant or the creditor are invoking specified remedies which are ordinarily invoked by Defendant or the creditor.

34.    Defendant's letter does not advise the Plaintiff that either Defendant or the creditor intends to invoke a specified remedy.

35.    Defendant's letter, filed as exhibit 3, is not subject to the exceptions described in 15 U.S.C. § 1692c(c)(1), (2), or (3).

## INJURIES-IN-FACT

36.    The FDCPA provides consumers with "statutorily-created rigts to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

37.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

38.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

39.    Defendant is subjecting Plaintiff to false, deceptive, and unfair means to collect the debt.

40.    Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization and or dispute of her debt. Moreover, the continuing communication despite Plaintiff invoking her right to be free of such.

## DAMAGES

41.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to false, deceptive, and unfair debt collection practices;

b.)     Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.)     Uncompensated time expended away from and/or activities of daily living to review Defendant's credit reporting and confer with counsel regarding the Defendant's collection efforts;

d.)     Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant;

e.)     The Plaintiff suffered a violation of her right to privacy; and,

f.)     Anxiety and worry caused by concern that Defendant was going to continue communications despite the invocation of her right to terminate such communication.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692c and subparts*

42.     The communications from the Defendant of November 9th, 2021, violated 15 U.S.C. § 1692c(c).

### *Violations of 15 U.SC. § 1692e and its subparts*

43.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

44.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

45.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

46.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

47.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

48.     The Defendant's false and misleading representations as to which accounts had been reported to which credit bureaus and the Plaintiff's right and procedure for disputing those communications were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

49.     The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

50.     Defendant's conduct violated 15 U.S.C. § 1692f.

### TRIAL BY JURY

51.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)     Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of May, 2022.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*